| **Fill in this information to identify your case:** |
|---|
| Debtor 1    Charles James Daniels |
|            First Name    Middle Name    Last Name |
| Debtor 2    Ester Austria Daniels |
| (Spouse, if filing)  First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: District of South Carolina |
| Case number    18- 02368 |
| (If known) |

_ Check if this is a modified plan, and list below the sections of the plan that have been changed.

_ Pre-confirmation modification

❏ Post-confirmation modification

District of South Carolina

# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | _ **Included** | X **Not included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | X **Included** | _ **Not included** |
| 1.3 | **Nonstandard provisions, set out in Part 8** | X **Included** | ☐ **Not included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ **Included** | x **Not included** |

Debtor _____    Case Number _____

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ __1150.00_____ per month    for __58___ months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐    The debtor will make payments pursuant to a payroll deduction order.

☐    The debtor will make payments directly to the trustee.

X    Other (specify method of payment):__TFS billpay_____.

**2.3 Income tax refunds.**

*Check one.*

X    The debtor will retain any income tax refunds received during the plan term.

☐    The debtor will treat income tax refunds as follows:
_____

**Additional payments.**

*Check one.*

X    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐    The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
_____

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

Debtor _____    Case Number _____

\_    None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

X    **3.1(a)**  The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| Lance Little | 3104 Westwood Circle, Beaufort, South Carolina |

☐    **3.1(b)**  The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| | | $<br>Includes amounts accrued through the [Month/Year] payment | 0% | $<br>(or more) |

☐    **3.1(c)**  The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

X    **3.1(d)**  The debtor proposes to engage in loss mitigation efforts with **Caliber Home Loans** according to the applicable guidelines or procedures of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐    **3.1(e)  Other.**  A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

X **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

\_ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor _____    Case Number _____

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | % | $ (or more) |

**3.3  Other secured claims excluded from 11 U.S.C**. **§ 506 and not otherwise addressed herein.**

*Check one.*

⎵    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

X    The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below.  Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Title Max | 2006 Ford F150, VIN 1FTPW14556KB52782 | $3514.55 | 6.0% | $71.00 (or more) |
| Title Max | 2003 Lexus GX470 Vin JTJBT20X730016481 | $6476.59 | 6.0% | $130.00 (or more)<br><br>Disbursed by<br>x  Trustee<br><br>☐ Debtor |

*Insert additional claims as needed.*

**3.4  Lien avoidance.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

X    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

*Use this form for avoidance of liens on co-owned property only.*

Page 4

Debtor _____    Case Number _____

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| Portfolio Recovery Services, 3101 Westwood Circle, Beaufort, South Caorlina | $107,509.80  First Lien Caliber Homes $123,490.20 | $107,509.80 | SC Code Ann. §15-41-30(A)(1) $107,509.80 | $0.00 | $3113.77 | $0.00 | $3113.77 |
| Oakview Commons Horizontal, 3101 Westwood Circle, Beaufort, South Carolina | $107,509.80  First Lien Caliber Homes $123,490.20 | $107,509.80 | SC Code Ann §15-41-30(A)(1) $107,509.80 | $0.00 | $17,845.67 | $0.00 | $17,845.67 |
| Ford Motor Credit, 3101 Westwood Circle, Beaufort, South Carolina | $107,509.80, First Lien Caliber Homes $123,490.20 | $107,509.80 | SC Code Ann. §15-41-30(A)(1) $107,509.80 | $0.00 | $13,353.64 | $0.00 | $13,353.64 |

**3.5  Surrender of collateral.**

*Check one.*

X **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor elects to surrender the collateral that secures the claim of the creditor listed below.  The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees**

 a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of

Debtor _____     Case Number _____

      the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.  If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

X  The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.  Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
    b.  The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
    c.  Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**Other Priority debt**. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

X **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| **Name of creditor** | **Amount of claim to be paid** |
|---|---|
| _____ | $ _____ |
| | Disbursed by |
| | ☐  Trustee |
| | ☐  Debtor |

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

X The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

X **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐  The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

Debtor _____    Case Number _____

| Name of creditor | Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
|  |  |  |  |

| Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|
| _____  $ _____ | $ _____ | $_____ (or more) |

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

X **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
|  | $ | % |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

*Insert additional claims as needed.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

### Part 6:    Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

_ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

X **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule.  Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Edith Pavadora | 3109 Westwood Circle, Beaufort, SC | $600.00 | $00.00 | $0.00 |

Page 7

Debtor _____    Case Number _____

| | | | | |
|---|---|---|---|---|
| Robert Daniels | 3104 Westwood Circle, Beaufort, SC | $500.00 | $00.00 | $0.00 |
| Debtor is the Landlord and he assumes the leases with his tentants | | | | |

(or more)

*Insert additional claims as needed.*

### Part 7:  Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

X   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐   **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8:  Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

*8.1(a) The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§542, 543, 544, 547 and 548.*

*8.1(b) Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.*

*8.1(c)As a supplement to paragraph 3.2 and/or 3.3 – the creditor has thirty (30) days from the date of Discharge to satisfy any liens on secured claims provided for and paid pursuant to the terms of this plan.*

*8.1 (d)  According to an Order Requiring Loss Mitigation/Mortgage Modification and no less than 7 days before the confirmation hearing, the Debtor, acting through Debtor's Counsel, will  submit a complete application to Caliber Home Loan  seeking loss mitigation or  a consensual modification of the Debtor's mortgage loan through an applicable program,  such as the Home Affordable Modification Program (HAMP).  The subject property is secured by property located at:*

Debtor _____     Case Number _____

*3101 Westwood Circle, Beaufort, South Carolina 29906*
*Property ID R100 029 00B 0001 0000*

*Beginning on June 1, 2018, the Debtor will pay either  X  regular contract payments or ____  adequate protection payment in the amount of $1487.56 directly to Caliber Home Loan.  The Debtor will also be responsible for payment of any arrearage directly to Caliber Home Loan if not cured through a loan modification a loan modification  process. No payment will be made by the Trustee on this secured claim.*

*Upon acceptance of the Debtor in a Trial Period Plan, Debtor's Counsel shall submit a  proposed Interim Order Approving Trial Period Plan.  Upon completion of the Trial Period Plan and/or when seeking final approval of the loss mitigation/mortgage modification,  debtor's Counsel shall submit a proposed Consent Order Allowing Mortgage Modification.  If the loss mitigation or loan modification request is denied, Debtor's Counsel shall timely file a  Mortgage Loan Modification/Loss Mitigation report indicating that denial with the Court.*

### Part 9:    Signature(s)

**9.1  Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

✘ /s/   Charles Daniels_____
Charles Daniels

/s/ Ester Daniels_____
Ester Daniels

Executed on ___05/07/18_____        Date_____05/07/18_____

✘ /s/ Michael Matthews_____      Date     05/07/18_____
Michael Matthews    #10012

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date by first class mail.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

/s/ Michael Matthews _____
Michael Matthews

Date:  05/07/18

```
ADAM TESH ESQUIRE
PORTFOLIO RECOVERY SERVICES
1900 BARNWELL STREET
COLUMBIA SC 29201


AMERICAN CORADIUS
USAA SAVINGS BANK
2420 SWEET HOME RD STE 150
BUFFALO NY 14228


AMERICAN EXPRESS
P O BOX 650448
DALLAS TX 75265


CALIBER HOME LOANS
P O BOX 650856
DALLAS TX 75265


CPM FEDERAL CREDIT UNION
1066 E MONTAGUE AVENUE
NORTH CHARLESTON SC 29405


EDITH PAVADORA
3109 WESTWOOD CIRCLE
BEAUFORT SC 29906


FINANCIAL RECOVERY SERVICE INC.
CACH GE MONEY
P O BOX 385908
MINNEAPOLIS MN 55438


INTERNAL REVENUE SERVICE
P O BOX 7346
PHILADELPHIA PA 19101


LANCE LITTLE
18 OAK MARSH DRIVE
HILTON HEAD ISLAND SC 29928


MICHAEL MATTHEWS ESQUIRE
2015 BOUNDARY STREET STE 319
BEAUFORT SC 29902
```

```
PORTFOLIO RECOVERY   DELL/CIT ONLINE
P O BOX 12914
NORFOLK VA 23541


ROBERT DANIELS
3104 WESTWOOD CIRCLE
BEAUFORT SC 29906


SCOTT AND CORLEY
P O BOX 2065
COLUMBIA SC 29202


SOUTH CAROLINA DEPT OF REVENUE
301 GERVAIS STREET
COLUMBIA SC 29214


SYNERGETIC COMMUNCATION
AMERICAN HONDA FINANCE
5450 N W CENTRAL #220
HOUSTON TX 77092


TITLE MAX
2447 BOUNDARY STREET UNIT A
BEAUFORT SC 29906


TITLE MAX
2447 BOUNDARY STREET UNIT A
BEAUFORT SC 29906


UNITED STATES OF AMERICA
OFFICE OF THE ATTORNEY GENERAL
TENTH STREET AT CONSTITUTION AVENUE
WASHINGTON DC 20530


US ATTORNEY FOR SOUTH CAROLINA
1441 MAIN SSTREET STE 500
COLUMBIA SC 29201


WILLIAM WESTON NELSON ESQUIRE
OAKVIEW COMMONS HORIZONTAL
P O BOX 1938
BLUFFTON SC 29910
```

```
WYLIE CLARKSON ESQUIRE
FORD MOTOR CREDIT
P O BOX 287
COLUMBIA SC 29201
```